**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

NOT FOR PUBLICATION

| | |
|---|---|
| BRODUS BERNARD GREGG,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 26-448<br><br>Filed: October 30, 2026 |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Brodus Bernard Gregg, a federal inmate, alleges that United States Marshals Service ("USMS") personnel lost his hearing aids while transferring him between correctional facilities operated by the Bureau of Prisons ("BOP"), and that BOP wrongfully refused to replace them. He seeks more than $100,000 in damages and identifies his claim as arising under the Federal Tort Claims Act ("FTCA"). The Government moves to dismiss Plaintiff's Complaint arguing that (1) the Tucker Act excludes claims sounding in tort from the Court's jurisdiction; and (2) transfer to a federal district court is improper because (a) the FTCA preserves the United States' sovereign immunity for claims arising from a law enforcement officer's detention of property, including claims that USMS or BOP officers negligently lost an inmate's property, and (b) Plaintiff failed to exhaust his administrative remedy. For the following reasons, the Court **GRANTS** the Government's Motion.[1]

[1] The Clerk of Court sealed an exhibit to Plaintiff's Complaint which is cited *infra* in this Memorandum Opinion and Order. *See* Ex. to Pl.'s Compl., ECF No. 1-2. The Court has determined that no citations to this exhibit reference any information protected pursuant to RCFC 5.2. Accordingly, this Memorandum Opinion and Order is not filed under seal.

# I. BACKGROUND

## A. Factual History

Plaintiff is a veteran of the U.S. military who is currently incarcerated in federal prison. *See* Pl.'s Compl. ¶¶ 1–2, ECF No. 1. The Department of Veterans Affairs ("VA") began providing Plaintiff hearing aids and related care in November 2010. Ex. to Pl.'s Compl., ECF No. 1-2. His medical records reflect continued VA audiology and ear, nose, and throat care thereafter. *See generally id.* at 15–30 (VA medical records).

According to the Complaint, Plaintiff's hearing aids were "lost" while Plaintiff was temporarily housed at Federal Correctional Institution Atlanta from January 17 to January 24, 2023, during a transfer between federal correctional facilities. *See* ECF No. 1 ¶¶ 15–19. Plaintiff alleges that the loss deprived him of appropriate medical care and caused continued hearing impairment, isolation, and depression. *Id.* ¶¶ 25–28.

After his hearing aids were lost, Plaintiff attempted to obtain hearing aids and audiology care from the correctional facility, but it appears those efforts were unsuccessful as of the date of the Complaint. *See id.* ¶ 28 (alleging that the BOP refused to replace Plaintiff's lost hearing aids); ECF No. 1-2 at 32 (BOP Hearing Screening Data Form dated February 8, 2023, recording that Plaintiff indicated no response to sound with his left ear and his right ear was only responsive for the 100 Hz frequency, and referring Plaintiff for further evaluation); *id.* at 33 (BOP Hearing Aid Authorization Form dated August 5, 2025, denying Plaintiff's request for hearing aids and referring him for further follow-up with an ear nose and throat specialist prior to approval).

The Complaint alleges that Plaintiff submitted an administrative claim related to his lost hearing aids on December 27, 2023, alleging "[d]amage, [i]njury, or [d]eath." ECF No. 1 ¶ 20; *see also* ECF No. 1-2 at 3 (Plaintiff's administrative claim). On December 28, 2023, the BOP acknowledged receipt of Plaintiff's administrative claim and referred it to the USMS. ECF No. 1-

2 at 8–9. USMS received Plaintiff's administrative claim on January 24, 2024. *See id.* at 6. The USMS determined that the BOP's forwarding of Plaintiff's claim to USMS was "inadvertent[]" and referred his administrative claim back to the BOP. *Id.* at 5. Plaintiff's administrative claim was then assigned for investigation within the BOP on September 22, 2025. *See id.* at 11. According to the BOP's Tort Claim Investigation report, the investigator recommended that Plaintiff's claim be denied because "there is no conclusive evidence of any kind supporting the claims of [Plaintiff]." *Id.* at 2. Specifically, the investigator noted that "[t]here is no property sheet, no medical record, and no evidence of any kind proving [Plaintiff] had hearing aids in his possession at the time of his incarceration and[/]or during his transfer."[2] *Id.* Based upon the Tort Claim Investigation report, the Acting Warden denied Plaintiff's administrative claim on September 30, 2025. *Id.* at 1. The record contains no further communications between Plaintiff and the BOP.

**B. Procedural History**

Plaintiff filed his Complaint on March 19, 2026, claiming under the FTCA that the BOP's denial of his administrative claim was "wrongful" and that the BOP "breached the [Government's] dut[ies]" to "maintain property," "provide adequate medical care for a prisoner in its custody," and "replace lost [hearing aids]." ECF No. 1 ¶¶ 24–27. Plaintiff specifically states that his hearing aids were "lost" during the January 2023 prison transfer. *Id.* ¶ 19. Plaintiff labels his claim as a "Federal Tort Claim" and asks this Court for damages exceeding $100,000. *Id.* at 3–4.

On June 17, 2026, the Government filed a Motion to Dismiss. ECF No. 10. The Government argues that Plaintiff's Complaint should be dismissed because the Court lacks

[2] It is unclear whether the investigator had access to prior records from either the VA physician or the prison healthcare team. The VA responded to Plaintiff's request for his own records on January 28, 2026. *See* ECF No. 1-2 at 13.

subject-matter jurisdiction over claims, such as the one Plaintiff brings here, that sound in tort. *Id.* at 4. The Government further argues that the Court should not transfer Plaintiff's claim to a district court pursuant to 28 U.S.C. § 1631 because Plaintiff has not exhausted his administrative remedies and, even if he had, the United States has not waived its sovereign immunity for claims of lost property due to USMS and BOP negligence. *Id.* at 5–8. Plaintiff filed his Response by leave of the Court on August 7, 2026. ECF No. 12. Plaintiff requests that the Court "assist him in transferring his complaint to the correct tribunal for adjudication" and argues that he "did indeed exhaust his administrative remedies to no avail." *Id.* at 1. The Government filed its Reply in Support of its Motion to Dismiss on August 18, 2026, arguing that Plaintiff's Response failed to adequately address the jurisdictional deficiency raised in the Government's opening brief. ECF No. 13 at 1–2. The Motion is fully briefed and ripe for disposition.

## II. LEGAL STANDARDS

### A. Court of Federal Claims Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction. *Massie v. United States*, 226 F.3d 1318, 1321 (Fed. Cir. 2000) (holding that Congress limited the authority of the Court of Federal Claims in both the subject matter of cases and the types of remedies available to the court). The Tucker Act authorizes the Court to hear "claims against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker Act does not create a substantive right to money damages. *United States v. Testan*, 424 U.S. 392, 398–99 (1976). As such, a plaintiff must identify a separate source of substantive law that mandates compensation from the Federal Government. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

### B. Dismissal for Lack of Jurisdiction

The Court must dismiss an action whenever it determines that subject-matter jurisdiction is lacking. Rule 12(h)(3), Rules of the United States Court of Federal Claims ("RCFC"); *see also* RCFC 12(b)(1). Such jurisdictional analysis must be done before considering the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998))). When considering jurisdictional questions, the Court accepts undisputed factual allegations as true and construes all allegations in the light most favorable to the plaintiff. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Where the defendant mounts a factual challenge to the court's subject-matter jurisdiction, however, "only uncontroverted factual allegations are accepted as true for purposes of the motion." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993). "All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding . . . ." *Id.* at 1584. The party that brings the suit bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

### C. Liberal Construction of Pro Se Complaints

All pleadings should be construed so as to do substantial justice. RCFC 8(e). Moreover, a pro se complaint is held to a less stringent standard than a pleading drafted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court may excuse ambiguities and search the record to determine whether a pro se pleading presents a viable claim. *See Husband v. United States*, 90 Fed. Cl. 29, 33–34 (2009). However, leniency concerning pleading formalities does not relieve a pro se litigant of his obligation to establish jurisdiction. *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010). Nor may

the Court become an advocate by constructing a claim unsupported by the pleaded facts. *Brown v. United States*, 74 Fed. Cl. 546, 548 (2006) ("[J]ustice is ill-served when a jurist crosses the line from a finder of fact to advocate." (quoting *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002))).

**D. Transfer**

When a court finds that it lacks subject-matter jurisdiction over an action, it must, if in the interest of justice, transfer the action "to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005). Thus, transfer requires that: "(1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time the case was filed; and (3) transfer is in the interest of justice." *Leffebre v. United States*, 129 Fed. Cl. 48, 53 (2016) (citing *Tex. Peanut Farmers*, 409 F.3d at 1374). The decision of whether those requirements are met is committed to the trial court's discretion. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1347 (Fed. Cir. 2008).

## III. DISCUSSION

The Court lacks jurisdiction to hear Plaintiff's FTCA claim as the Tucker Act specifically excludes tort claims from the Court's jurisdiction. Even liberally construing Plaintiff's Complaint, Plaintiff has not pled any other viable claim within this Court's jurisdiction. Further, the Court declines to transfer this case to federal district court because the United States has not waived its sovereign immunity for claims arising from USMS officers' alleged negligent loss of inmate property during transfer to a BOP facility or BOP's refusal to replace lost property, nor has Plaintiff exhausted his administrative remedy. Accordingly, the Court must dismiss Plaintiff's Complaint for lack of jurisdiction.

### A. The Court of Federal Claims Lacks Jurisdiction Over Tort Claims.

This Court lacks jurisdiction over Plaintiff's Complaint because it asserts a "Federal Tort Claim." ECF No. 1 at 3. The Tucker Act does not authorize the Court of Federal Claims to adjudicate claims against the United States sounding in tort. *See* 28 U.S.C. § 1491(a)(1). Instead, Congress has vested exclusive jurisdiction over FTCA claims in the United States district courts. *See id.* § 1346(b)(1).

Here, Plaintiff's claim is both labeled as a tort and classified as such by his description of the alleged events. Specifically, the Complaint alleges a "Federal Tort Claim" based on federal officials' "breach[ing] the[ir] duty." ECF No. 1 ¶ 27. Plaintiff claims that USMS took possession of and then lost his hearing aids while he was in BOP custody and that the BOP has refused to replace them. *Id.* ¶¶ 17–19, 28. Judges of this court have dismissed similar claims for lack of jurisdiction, holding that claims alleging prison officials lost or mishandled an inmate's property sound in tort. *See Brown*, 74 Fed. Cl. at 549 (holding the plaintiff's claim for lost personal property (including a radio, headphones, and batteries) while in BOP custody was not subject to the court's jurisdiction under the Tucker Act); *Rudzavice v. United States*, No. 23-829-C, 2023 WL 6296610, at *3 (Fed. Cl. Sept. 27, 2023) (holding the plaintiff's claim that BOP staff unlawfully interfered with the plaintiff's receipt of mail, including by withholding books that he ordered, was not subject to Tucker Act jurisdiction under a tort theory). Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claim.

Even liberally construing Plaintiff's Complaint, his allegations cannot be viewed as asserting a claim within the Court's subject-matter jurisdiction. The Court cannot disregard jurisdictional limits or recast the same operative facts merely because another legal label might be more favorable. *See Spengler*, 688 F. App'x at 926 (declining to "refashion" the plaintiff's claim "into something else in an attempt to supply district court jurisdiction"). Based on the facts pled

here, the closest potential analog would be a Fifth Amendment takings claim, over which the Court has jurisdiction. To plead a compensable taking, a claimant must allege that the United States, by specific action, took a cognizable private property interest for public use without just compensation. *Short v. United States*, 50 F.3d 994, 1000 (Fed. Cir. 1995). The claimant must also concede the validity of the governmental action giving rise to the taking. *Id.* Accordingly, a plaintiff may plausibly allege a takings claim by alleging that prison employees took an inmate's private property and put it to public use, rather than that the prison employees negligently lost such property. *See Villalobos v. United States*, 174 Fed. Cl. 741, 745–747 (2025) (finding jurisdiction over claim that prison employees put an inmate's personal library to public use by placing his books in the prison library and including the books in the prison ledger's property tracking system).

Given Plaintiff's allegations, the Court cannot plausibly re-construe his tort claim as a takings claim. Unlike the plaintiff in *Villalobos*, here, Plaintiff's allegation that USMS officials "lost" his hearing aids and the BOP wrongfully refused to replace them, ECF No. 1 ¶¶ 17–18, neither concedes the validity of the government action nor alleges that the property was taken and put to public use. *See Villalobos*, 174 Fed. Cl. at 745–47; *Rudzavice*, 2023 WL 6296610, at *3 (holding that an alleged "unlawful seizure" of an inmate's property does not state a valid takings claim). Thus, even liberally construing Plaintiff's Complaint, the Court lacks subject-matter jurisdiction.

**B. Transfer Is Inappropriate Because Plaintiff's Damages Claim for Lost Property Could Not Have Been Brought in District Court.**

Transfer under 28 U.S.C. § 1631 is available only if Plaintiff could have brought this action in the transferee court when he filed it. *See Tex. Peanut Farmers*, 409 F.3d at 1374. Because Plaintiff's FTCA action is barred by sovereign immunity and administrative exhaustion, transfer to district court is unwarranted.

Federal district courts generally possess exclusive jurisdiction over FTCA claims. 28 U.S.C. § 1346(b)(1). Under the FTCA, Congress waived sovereign immunity for certain torts committed by federal employees acting within the scope of their employment. *Id.* §§ 2671–80. However, Congress retained sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." *Id.* § 2680(c).

In *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 216 (2008), the Supreme Court rejected an argument that this exception to the FTCA's waiver of sovereign immunity excludes BOP officers. *Ali* involved a factual scenario similar to the instant case: a federal prisoner asserted that several items from his personal property went missing during a transfer between federal prison facilities. *Id.* He filed an FTCA claim against the BOP alleging that BOP officers mishandled his property. *See id.* at 216–17. The Supreme Court held that the phrase "any other law enforcement officer" in § 2680(c) has a broad meaning and, accordingly, includes BOP officers. *Id.* at 218–19. The FTCA's detention-of-property exception therefore preserved the BOP's immunity from suit. *Id.* at 228 ("Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers."). Other judges of this court have followed *Ali* in declining to transfer materially similar inmate-property claims to federal district court because, under § 2680(c), such claims could not have been brought in a district court.[3] *See Rudzavice*, 2023 WL 6296610, at *3; *Searcy v. United States*, 106 Fed. Cl. 116, 117 (2012).

---

[3] Prior to *Ali*, the Court of Federal Claims may have transferred similar tort cases to federal district court. *See Brown*, 74 Fed. Cl. at 550. However, such decisions predate *Ali*. *See Bowens v. U.S. Dep't of Just.*, 415 F. App'x. 340, 343 (3d Cir. 2011) (explaining that the Supreme Court found suits for property lost during prison transfers barred in *Ali*).

Almost identical to the petitioner in *Ali*, Plaintiff alleges that USMS officials lost his property while transferring him between BOP correctional facilities. *See* ECF No. 1 ¶ 19. The exception in § 2608(c) thus bars his FTCA claim. *See Ali*, 552 U.S. at 228. Because Plaintiff could not have brought this FTCA action in a district court at the time of filing, the second requirement for transfer is not satisfied. *See* 28 U.S.C. § 1631; *Tex. Peanut Farmers*, 409 F.3d at 1374 (holding that transfer requires that the plaintiff could have brought his claim to the transferee court at the time it was filed); *Rudzavice*, 2023 WL 6296610, at *3; *Searcy*, 106 Fed. Cl. at 117. Thus, the Court will not transfer the case.

Plaintiff fails the second requirement for transfer for an additional reason. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions may not file suit "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In this case, the BOP provides a formal review process for inmate complaints "relating to any aspect of his/her own confinement."[4] 28 C.F.R. § 542.10(a); *see generally id.* §§ 542.10–542.19. The record reflects that, although Plaintiff submitted an administrative claim to the BOP, he may not have fully exhausted his administrative remedies because he did not appeal the warden's denial of his claim to the appropriate BOP regional director. *See id.* § 542.15(a) (providing that an inmate who is dissatisfied with the warden's decision may submit an appeal to the appropriate BOP regional director, and then to the BOP's General Counsel whose decision is final). Plaintiff's administrative claim was filed somewhat circuitously between the USMS and

---

[4] Regulations implementing the PLRA recognize that statutorily-mandated administrative exhaustion procedures may additionally apply for prisoner tort claims. 28 C.F.R. § 542.10(c); *see also id.* § 543.30 *et seq.* (acknowledging general provisions for processing FTCA administrative claims under 28 C.F.R. part 14 and describing specific procedures for filing an administrative tort claim with the BOP). The FTCA likewise requires a claimant to administratively exhaust his remedy before seeking judicial review in federal district court. *See id.* § 14.9.

the BOP, but it does not appear as though Plaintiff took any further administrative action after receiving the warden's denial. *See* ECF No. 1-2 at 5–9. In any event, even if Plaintiff had exhausted his administrative remedies, his claim could not have been brought in federal district court under the Supreme Court's binding precedent in *Ali*. *See Searcy*, 106 Fed. Cl. at 117 (noting the plaintiff had properly exhausted his administrative remedies, but determining transfer was inappropriate in accordance with *Ali*); *see Rudzavice*, 2023 WL6296610, at *1 (same).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Government's Motion to Dismiss (ECF No. 10) for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: October 30, 2026

*<u>/s/ Kathryn C. Davis</u>*
KATHRYN C. DAVIS
Judge